**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Cool Dudes LLC,

                  Plaintiff,

vs.

NVLV Heating & Cooling LLC, et al.,

                  Defendant.

**Case No. 2:26-cv-00981-APG-MDC**

**REPORT AND RECOMMENDATION TO DENY IFP APPLICATION (ECF No. 2) AND TO REMAND TO STATE COURT**

Defendants NVLV Heating & Cooling LLC ("NVLV"), and its managing member, Behnam Oroomieh, filed an *Informa Pauperis ("IFP") Application* on behalf of his company (ECF No. 2) and a *Notice of Removal* (ECF No. 1-1). The Court **RECOMMENDS** that defendants' IFP application be **DENIED** and that this matter be **REMANDED** to state court.

Congress intended the statute authorizing IFP to be applicable only to natural persons rather than to corporate entities such as a company. *See Rowland v. California Men's colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993). A corporation or other artificial entity must also be represented by licensed counsel. *Id.* at 201-202 (Noting that 28 U.S.C. § 1654 does not allow corporations, partnerships, or associations to appear in federal court other than through a licensed attorney.)

Oroomieh appears to be attempting to represent NVLV Heating & Cooling LLC as its owner. The defendants should not have leave to amend the IFP application because they are the ones being sued, so this issue cannot be resolved by amendment. Since only natural persons can proceed IFP, this Court recommends that the IFP application be **DENIED.** NVLV also cannot proceed in this Court without licensed counsel.

The Court has also reviewed the Notice of Removal and finds that this case should be remanded to state court. The plaintiff did not attach the complaint to the Notice of Removal. The federal removal statute requires defendants to file "a copy of all process, pleadings, and orders served upon such defendant[.]" 28 U.S.C.A. § 1446. While this is potentially curable, NVLV cannot cure this issue without being represented by licensed counsel. Defendants also admit in the Notice of Removal that Cool Dudes LLC did not bring any federal claims against them. Plaintiff alleges that diversity jurisdiction exists because the amount in controversy is more than $75,000, which is not an adequate basis for diversity jurisdiction. The defendants will not be prejudiced by this Report and Recommendation because they can object and/or find counsel to represent them.

The Court **RECOMMENDS** that:

1. Defendants NVLV Heating & Cooling LLC and Behnam Oroomieh's IFP application (ECF No. 2) be **DENIED,** and

2. That this matter be **REMANDED.**

DATE: May 29, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**<u>NOTICE</u>**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the

right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

3